MARK BUTTERFIELD, Associate Justice,
dissenting.
Due to the fact I cannot agree with my colleagues on the issue this Court rules on today, I must respectfully dissent. In my opinion, this case raises no issue of important constitutional dimension but rather is a rather run of the mill case of bad lawyer-ing. While I agree that the plaintifFappel-lant in this matter mentioned pretext tangentially in her initial Complaint, once she retained Counsel, we presume she discussed the matter fully with that Counsel and decided to amend her case to present a stronger, more sound argument. This is reflected in the Amended Complaint.
As I read the Amended Complaint, pretext was dropped as an issue. It was not preserved because the appellant/plaintiff did not incorporate by reference her prior allegations in the initial Complaint. Nor did she restate pretext or flesh it out in more precisely. Therefore, I deem the pretext issue to have been abandoned, and there is no issue for the Trial Court to have considered.
I believe the majority is asking too much of our Trial Court by asking them to intrude upon the process of a litigant who *61 has already armed themselves with counsel. The Trial Court’s role should be limited to asking the litigant if they have discussed the case with their counsel and have been advised by them of the consequences of amending the Complaint. This is not a criminal case where the litigant’s liberty is at stake so that the Court should make a searching inquiry into the understanding of the litigant who faces the potential loss of their liberty for months or years, but a routine civil matter. Moreover, the majority does not set out a test for when the Trial Court should make such an inquiry, leaving it to flounder and second guess the choices of Counsel.
If I were to join the majority, I would at least set forth a test whereby the Trial Court is requested to compare the initial Complaint with the Amended Complaint and ask the plaintiff if they know that they are abandoning an issue if it is not listed in the Amended, Complaint,. If the litigant answers they did, then it was a conscious choice and this case is over.
However, because I feel the majority in this case goes too far down the path of intervention of a represented litigant, I cannot join in the opinion. In my opinion, the majority pushes the Court across the line from impartial arbiter into the role of advocating too strongly for one side. There is a delicate balance to be struck in these matters, and, as a former Trial Judge, the majority is saying that the Trial Court must always look back to prior filed complaints in a case and that no issue is ever abandoned unless and until the Trial Court makes a searching inquiry of a represented party if they know what they are doing.
For the forgoing reasons I disagree with my colleagues and issue this dissent.